UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 17-80242-CR-ROSENBERG/HUNT

Sealed

UNITED STATES OF AMERICA

v.

ALEJANDRO ANDRADE CEDENO,

Defendant.
_____/

FILED by L S D.C.

NOV 01 2018

STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. – MIAMI

**UNITED STATES' UNOPPOSED MOTION FOR PRELIMINARY ORDER OF FORFEITURE, AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

Pursuant to 18 U.S.C. § 982(a)(1), and the procedures set forth in 21 U.S.C. § 853 and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States of America (the "United States") hereby moves for the entry of a Preliminary Order of Forfeiture against Defendant Alejandro Andrade Cedeno in the above-captioned matter. The United States seeks a forfeiture money judgment in the amount of $1 billion in U.S. currency, and the forfeiture of certain assets in partial satisfaction thereof. In support of this motion, the United States provides the attached Consent to Forfeiture and the following factual and legal bases.

**I.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

1. On December 22, 2017, Defendant Alejandro Andrade Cedeno (the "Defendant") pleaded guilty to a single-count Information, which charged him with conspiracy to violate 18 U.S.C. § 1957, that is, to knowingly engage and attempt to engage in monetary transactions by, through, or to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity (i.e. a violation of the Foreign Corrupt Practices Act, in violation of 15

U.S.C. § 78dd-3), in violation of 18 U.S.C. § 1956(h).  *See* Information; Plea Agreement ¶ 2. *See also attached* Consent to Forfeiture ¶ 1.

2. In a written Plea Agreement, the Defendant agreed, among other provisions, to the following:

> 11. The defendant agrees to forfeit to the United States voluntarily and immediately all property, real or personal, involved in the violation of Title 18, United States Code, Section 1956(h) charged in the Information, property traceable to such property, and/or property that constitute substitute assets, pursuant to Title 18, United States Code, Section 982(a)(1) and Title 21, United States Code, Section 853(p). The defendant agrees that such property includes, but is not limited to, a sum equal in value to the total amount laundered to, by, and/or for the benefit of the defendant as part of the charged conspiracy, which the United States may seek as a forfeiture money judgment. The defendant admits and agrees that the conduct described in the Information and Factual Proffer provides a sufficient factual and statutory basis for the forfeiture sought by the Government.
>
> 12. The defendant agrees to waive any appeal of the forfeiture. The defendant waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the Information, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant also waives any failure by the Court to advise the defendant of any applicable forfeiture at the time the guilty plea is accepted as required by Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure. The defendant further agrees to waive any applicable time limits for the initiation of administrative or judicial forfeiture proceedings and/or further notification of any such forfeiture brought against the property sought for forfeiture.
>
> 13. The defendant also agrees to assist the Government in all proceedings, administrative or judicial, involving forfeiture to the United States of any property, including substitute property, regardless of its nature or form, real or personal, which the defendant or others known to the defendant, have accumulated as a result of illegal activities. The defendant agrees that the United States shall, at its option, be entitled to forfeiture of any property (substitute assets) of the defendant to satisfy the forfeiture money judgment. The defendant agrees that all elements of Title 21, United States Code, Section 853(p) have been satisfied. The defendant further agrees to take all steps necessary to locate property that could be used to satisfy the forfeiture money judgment and to pass title to the United States before the defendant's sentencing. To that end, the defendant agrees to fully assist the Government in the recovery and return to the United States of any assets, or portions thereof, wherever located. The assistance shall include: identification of any property subject to forfeiture, agreement to the entry of an order enjoining the transfer or encumbrance of such property, and the transfer or repatriation of such

property to the United States by delivery to the Government, upon the Government's request, any necessary and appropriate documentation, including consents to forfeiture and quit claim deeds, to deliver good and marketable title to such property. The defendant understands that failure to transfer or repatriate property subject to forfeiture may result in an obstruction of justice enhancement at sentencing.

14. The defendant further understands that forfeiture is independent of any assessments, fines, costs, restitution, or any other penalty that may be imposed by the Court. The defendant knowingly and voluntarily waives any claim or defense he may have under the Eighth Amendment to the United States Constitution, including any claim of excessive fine or penalty with respect to the forfeited property.

15. The defendant agrees to make full and accurate disclosure of his financial affairs to the Government, and expressly authorizes the Government to obtain a credit report. The defendant agrees that within 10 calendar days of his change of plea and upon request of the Government, the defendant shall submit a completed Financial Disclosure Statement (form provided by the United States), and shall fully disclose and identify all assets in which he has any interest and/or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party.

See Plea Agreement ¶¶ 11-15. See also attached Consent to Forfeiture ¶ 2.

3. As set forth in the Factual Proffer submitted in support of his guilty plea, the Defendant was the Venezuelan National Treasurer from approximately 2007 to 2011. See Factual Proffer ¶ 3. By virtue of his official position as the Venezuelan National Treasurer, the Defendant had the ability to influence matters related to the bolivar to U.S. dollar exchange process, including deciding which brokerage houses received government authorization to conduct these exchanges at a fixed exchange rate established by the Venezuelan government. Id. ¶ 6. See also attached Consent to Forfeiture ¶ 3.

4. From approximately 2007 through January 2011, the Defendant agreed to accept bribes from co-conspirators in exchange for selecting them to carry out the U.S. dollar to bolivar exchange process with the Venezuelan National Treasury, or Oficina Nacional del Tesoro

("ONT"), which allowed those co-conspirators to obtain substantial profits on the exchange transactions. *See* Factual Proffer ¶ 7. *See also attached* Consent to Forfeiture ¶ 4.

5. From 2007 to the present, when the Defendant requested, at least three co-conspirators would transfer or cause the transfer of funds to purchase property and pay for his expenses in the Southern District of Florida and elsewhere. *See attached* Consent to Forfeiture ¶ 5. *See also* Factual Proffer ¶¶ 10-12; Presentence Investigation Report, June 15, 2018, ¶ 60. Together, these three co-conspirators told the Defendant that they held or are holding Venezuelan bonds and other assets valued at approximately $1 billion in U.S. currency during this time period for the Defendant's benefit. *See attached* Consent to Forfeiture ¶ 5.

6. The Defendant has consented and agreed to the entry of a **Forfeiture Money Judgment** in the amount of at least $1 billion, which is equal to the total value of the property, real or personal, laundered to, by, and/or for his benefit and involved in the money laundering conspiracy charged in the Information, and property traceable to such property. *See attached* Consent to Forfeiture ¶ 7.

7. In partial satisfaction of such **Forfeiture Money Judgment**, the Defendant has consented and agreed to the forfeiture of the following specific property, among other property, that he obtained, directly and indirectly, as a result of the charged money laundering conspiracy, or was used to purchase, improve, and/or maintain assets for the Defendant's benefit (collectively, the "**Subject Assets**"):

*Financial Accounts*
(1) All assets on deposit in account number 0209551AA held in the name of, or for the benefit of, Alejandro Andrade at BSI Bank in Switzerland;

*Real Estate*
(2) 15231 Sunnyland Lane, Wellington, Florida 33414;
(3) 15680 and 15740 46th Lane S, Wellington, Florida 33414;
(4) 1290 N. Ocean Boulevard, Palm Beach, Florida 33480;

4

(5)  16912 Crown Bridge Drive, Del Ray Beach, Florida 33446;
(6)  15159 Sunnyland Lane, Wellington, Florida 33414;
(7)  12789 Meadowbreeze Drive, Wellington, Florida 33414;[1]

*Vehicles*
(8)  2017 Mercedes Benz GLS 550, Vehicle Identification Number ("VIN") 4JGDF7DE8HA893079;
(9)  2017 Mercedes Benz AMG G-63;
(10) 2017 Cadillac Escalade, VIN 1GYS4KKJ4HR135174;
(11) 2016 Porsche Cayenne, VIN WP1AC2A26GLA86557;
(12) 2016 Chevy Tahoe;
(13) 2016 Mercedes Benz AMG S-63, VIN WDDXJ7JB3GA012139
(14) 2015 Bentley Continental Convertible, VIN SCBGJ3ZA2FC044777;
(15) 2015 Chevrolet Silverado 2500, VIN 1GC4KYC83FF180852;
(16) 2014 Dodge Ram 3500;
(17) 2013 Toyota 4 Runner, VIN JTEZU5JR4D5048434;
(18) 2009 Cimarron Horse Trailer, VIN 5PAHG34249C006294;
(19) Lawnmower/tractor;
(20) Three (3) golf carts;

*Horses*
(21) Anastasia Du Park;
(22) Bonjovi;
(23) Boy IV;
(24) Clouwni;
(25) Cortina 186;
(26) Dipssy;
(27) Hardrock Z;
(28) Jenni's Chance;
(29) Joly Jumper;
(30) Leonardo RGS;
(31) Nokia de Brekka;
(32) Quilina VD Laarseheide Z;
(33) Reus de la Nutria;
(34) Ricore Courcelle;
(35) Tupac Van de Vrombautshoeve 2;
(36) U;
(37) Tinker Bell;

---

[1] Approximately $100,000 of the $250,000 purchase price for this property was funded by one of the Defendant's co-conspirators; however, the remaining portion was funded by the Defendant's wife and her family. In recognition of the potential third-party claims to such property, the United States has agreed that if the Court grants the proposed preliminary forfeiture, the United States would file a notice of *lis pendens* and only pursue final forfeiture of its interest in the real property if that property is sold.

*Watches*

(38) Rolex Daytona Cosmograph (platinum) watch, reference ("Ref") 116506, serial number ("SN") L900U410;
(39) Rolex Yacht-Master II (white gold and platinum) watch, Ref 116689, SN V773093;
(40) Rolex Sky-Dweller (yellow gold) watch, Ref 326938, SN 58W365Z2;
(41) Hublot Big Bang King (rose gold and black dial) watch, Ref 322, SN 762177;
(42) Hublot Big Bang King Black Magic (black titanium and ceramic) watch, Ref 322, SN 737211;
(43) Hublot Big Bang Chronography Tourbillon 20th Anniversary of Ferrari watch, Limited 4 of 20, Ref 308.QX.1110.HR.SCFII, SN 930027;
(44) Hublot King Power (black titanium and ceramic) watch, Limited 8 of 35, SN 860397;
(45) Hublot Big Bang UEFA (black titanium and ceramic) watch, Limited 1557 of 2008, Ref 318, SN 739956;
(46) Hublot Big Bang Yankee Victor (stainless steel) watch, Limited 29 of 100, Ref 301, SN 689869;
(47) Hublot King Power (titanium and zirconium, rubber band) watch, Limited 244 of 500, SN 823700;
(48) Hublot King Power LaVinotinto Chronograph (black titanium and ceramic) watch, Limited 11 of 40, SN 977783;
(49) Patek Philippe Nautilus (stainless steel) watch, Ref 5990 / 1A-001, Movement No 5998681, SN A384FBC;
(50) Patek Philippe Nautilus Annual Calendar (stainless steel) watch, Ref 5726/ 1A-001, Movement No 5334786, SN A384FAP;
(51) Patek Philippe Nautilus manual (rose gold and stainless steel) watch, Ref 5980 / 1AR-001, Movement No 5928544, SN A3841AP;
(52) Audemars Piguet Royal Oak Offshore Chronograph (rose gold and black rubber band) watch, Ref 3850, SN G29840;
(53) Audemars Piguet Royal Oak Offshore Safari Chronograph (stainless steel and brown band) watch, No 5446, Ref 26170, SN G43443;
(54) Audemars Piguet Royal Oak Offshore Chronograph Bumble Bee (carbon) watch, No 2376, Ref 26176, SN 48097;
(55) Audemars Piguet Royal Oak Offshore (stainless steel) watch, No 1836, Ref 26170, SN G17332;
(56) Roger Dubuis Easy Diver Tourbidiver (stainless steel) watch, Movement No RD05, SN 13/88;
(57) Roger Dubuis Much More (rose gold) watch, SN 23/28, stamped 750;
(58) Panerai Luminor Monopulsante GMT Chronograph (titanium and ceramic) watch, Limited L005 of 500, No OP6752, Ref PAM00317, SN BB1458977;
(59) Panerai Luminor Submersible Divers Professional (stainless steel) watch, Limited J459 of 700, No OP6701, SN BB1253185;
(60) Panerai Luminor (stainless steel) watch, Limited K198 of 500, No OP6726, SN PB0596207;

6

(61) IWC Pilot Spitfire Chronograph Perpetual Calendar (yellow gold) watch, No AU750, Ref IW379103, SN 5074132;
(62) Jaeger Le Coultre Master Compressor Diving GMT watch, Ref 159.T.05, SN 2471271;
(63) Jaeger Le Coultre Master Compressor Diving Chronograph (rose gold) watch, Ref 160.2.25, SN 2469332;
(64) Jaeger Le Coultre Master Grande Tradition Minute Repeater manual (titanium) watch, Limited 65 of 100, Ref. 187.T.67.S, SN 2653359;
(65) Frank Muller Casablanca (stainless steel) watch, No 1018, Ref 8885 C CC DT;
(66) Frank Muller Mariner (stainless steel and red dial) watch, No 69, Ref 908 CC AT Mar;
(67) Frank Muller Mariner Chronograph (stainless steel and blue dial) watch, No 29, Ref 8080 CC AT Mar;
(68) Frank Vila Tourbillon Planetaire Skeleton SuperLigero Concept (titanium) watch, Limited 3 of 8, Ref FVA N6;
(69) Frank Vila Chronograph (titanium) watch, Limited 3 of 48, Ref FVA10;
(70) Greubel Forsey GMT Global Double Tourbillon (white gold) watch, Limited 28 of 33, Ref GF GMT WG, stamped AU750 02 669;
(71) IWC Schaffhausen Big Pilot Antoine de Saint Exupery Edition (rose gold) watch, Limited 35 of 500, Ref IW500421, SN 3427442;
(72) Rolex Daytona Cosmograph (yellow gold and blue dial) watch, Ref 116528, SN 52UM9527;

*JPMorgan Chase Bank N.A. (United States)*
(73) Account number 000000941600959 held in the name of Doble A Records USA LLC at JPMorgan Chase Bank N.A.;

*Bank of America (United States)*
(74) Account number 898060394243 held in the name of Telsey Properties Holding LLC at Bank of America;
(75) Account number 898061778088 held in the name of Doble A Management LLC at Bank of America;
(76) Account number 898061778091 held in the name of Doble A Farm, LLC at Bank of America;
(77) Account number 898039362866 held in the name of Malabar Management LLC at Bank of America;

*Wells Fargo Bank (United States)*
(78) Account number 5340241792 held in the name of Malabar Management, LLC at Wells Fargo Bank;
(79) Account number 5536404915 held in the name of Telsey Properties Holding, LLC at Wells Fargo Bank; and

7

*EFG Bank (Switzerland)*
(80)   Account number CH47084680000114931 held in the name of Telsey Managers International Inc. at EFG Bank in Switzerland.

*See attached* Consent to Forfeiture ¶¶ 5-6, 8.

## II.   LEGAL STANDARD

All property, real or personal, "involved in" a violation of 18 U.S.C. § 1956, or any property traceable to such property, is subject to forfeiture to the United States. 18 U.S.C. § 982(a)(1). Property "involved in" a money laundering offense "includes that money or property which was actually laundered ('the corpus'), along with 'any commissions or fees paid to the launderer[ ] and any property used to facilitate the laundering offense.'" *United States v. Seher*, 562 F.3d 1344, 1368 (11th Cir. 2009) (quoting and citing *United States v. Puche*, 350 F.3d 1137, 1153 (11th Cir. 2003)). Funds that are pooled or commingled "to facilitate or disguise [a defendant's] illegal scheme" are forfeitable. *See id.* (internal quotations omitted).

If a defendant is convicted of such a violation, the Court "shall order" the forfeiture of the property as part of the sentence. *See* 18 U.S.C. § 982(a)(1). As part of the defendant's sentence, criminal forfeiture is governed by the preponderance standard. *See United States v. Hasson*, 333 F.3d 1264, 1277 (11th Cir. 2003). *See also Libretti v. United States*, 516 U.S. 29, 38-39 (1995) (holding that forfeiture is an "element of the sentence"). A forfeiture order may be sought as a money judgment. *See* Fed. R. Crim. P. 32.2(b)(1)(A), (2)(A). *See also United States v. Padron*, 527 F.3d 1156, 1161-62 (11th Cir. 2008) (holding that Federal Rules of Criminal Procedure "explicitly contemplate the entry of money judgments in criminal forfeiture cases"). Upon finding that property is subject to forfeiture, the Court:

> . . . must promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment, directing the forfeiture of specific

8

>property, and directing the forfeiture of any substitute property if the government has met the statutory criteria.

Fed. R. Crim. P. 32.2(b)(2)(A).

The Court determines the amount of the money judgment "based on evidence already in the record, including any written plea agreement, and any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable." Fed. R. Crim. P. 32.2(b)(1)(B). The amount of the money judgment should represent the full sum of the illegal proceeds, regardless of the defendant's ability to satisfy the judgment at the time of sentencing. *See United States v. McKay*, 506 F. Supp. 2d 1206, 1211 (S.D. Fla. 2007) (adopting the majority rule). *See also United States v. Blackman*, 746 F.3d 137, 143-44 (4th Cir. 2014) ("The fact that a defendant is indigent or otherwise lacks adequate assets to satisfy a judgment does not operate to frustrate entry of a forfeiture order. . . . To conclude otherwise would enable wrongdoers to avoid forfeiture merely by spending their illegitimate gains prior to sentencing."); *United States v. Vampire Nation*, 451 F.3d 189, 201-03 (3rd Cir. 2006) (money judgments "are appropriate even where the amount of the judgment exceeds the defendant's available assets at the time of conviction"); *United States v. Hall*, 434 F.3d 42, 59 (1st Cir. 2006) (" ... [E]ven if a defendant does not have sufficient funds to cover the forfeiture at the time of the conviction, the government may seize future assets to satisfy the order.").

If directly forfeitable property is not available, the Court may order the forfeiture of substitute assets to satisfy a money judgment. *See* 21 U.S.C. § 853(p); 28 U.S.C. § 2461(c); Fed. R. Crim. P. 32.2(e). Substitute assets are available for forfeiture upon a showing that, due to the defendant's act or omission, directly forfeitable property:

>(A) cannot be located upon the exercise of due diligence;
>(B) has been transferred or sold to, or deposited with, a third party;
>(C) has been placed beyond the jurisdiction of the court;

9

   (D) has been substantially diminished in value; or
   (E) has been commingled with other property which cannot be divided without difficulty.

21 U.S.C. § 853(p). The government may establish such unavailability through an agent's declaration. *See United States v. Seher*, 562 F.3d 1344, 1373 (11th Cir. 2009).

### III. DISCUSSION

  Based on the Defendant's guilty plea, the Plea Agreement, the Factual Proffer, the Presentence Investigation Report, and the Consent to Forfeiture, the total value of the property, real or personal, laundered to, by, and/or for the Defendant's benefit and involved in the money laundering conspiracy charged in the Information was at least $1 billion in U.S. currency. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, this sum may be sought as a forfeiture money judgment.

  In addition, because the Subject Assets were involved in the Defendant's conspiracy to commit money laundering charged in the Information, they are subject to forfeiture, pursuant to 18 U.S.C. § 982(a)(1).

  Accordingly, the United States respectfully requests the Court to issue the attached proposed order, which provides for a Preliminary Order of Forfeiture entering a forfeiture money judgment of $1 billion in U.S. currency and the forfeiture of certain assets in partial satisfaction thereof; direct notice and publication of notice of the forfeiture; preservation of property; permission to conduct discovery to locate assets ordered forfeited and/or to expedite ancillary proceedings for the adjudication of third-party petitions, if any; and final forfeiture of the property.

WHEREFORE, pursuant to 18 U.S.C. § 982(a)(1) and the procedures set forth in 21 U.S.C. § 853 and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States respectfully requests the entry of the attached order.

Respectfully submitted,

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

By: s/ Nalina Sombuntham
Nalina Sombuntham
Assistant United States Attorney
Fla. Bar No. 96139
99 N.E. 4th Street, 7th Floor
Miami, Florida 33132-2111
Telephone: (305) 961-9224
Facsimile: (305) 536-7599
nalina.sombuntham2@usdoj.gov

**LOCAL RULE 88.9 CERTIFICATION**

The undersigned counsel hereby certifies that on October 31, 2018, after circulating draft copies of this motion and the proposed order, Defendant and his defense counsel executed the attached Consent to Forfeiture and confirmed their consent to the proposed forfeiture.

s/ Nalina Sombuntham
Nalina Sombuntham
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via e-mail on all parties on November 1, 2018.

s/ Nalina Sombuntham
Nalina Sombuntham
Assistant United States Attorney