**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 17-80242-CR-ROSENBERG/HUNT**

**UNITED STATES OF AMERICA**

v.

**ALEJANDRO ANDRADE CEDENO,**

**Defendant.**

_____/

FILED by ___ D.C.

NOV 05 2018

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA - W.P.B.

✓ SEALED
__ NOT SEALED

Per Local Rule 5.4(d), the matter(s) shall remain sealed.
_____ years;_____ (specific date);
_____ permanently;_____ (other).

## PRELIMINARY ORDER OF FORFEITURE

THIS CAUSE is before the Court upon motion of the United States of America (the "United States") for entry of a Preliminary Order of Forfeiture for a forfeiture money judgment in the amount of in the amount of $1 billion in U.S. currency, and the forfeiture of certain assets in partial satisfaction thereof.   Being fully advised in the premises and based on the United States' Unopposed Motion for Preliminary Order of Forfeiture, and Memorandum of Law in Support Thereof, the record in this matter, and for good cause shown thereby, the Court finds as follows:

1.      On December 22, 2017, Defendant Alejandro Andrade Cedeno (the "Defendant") pleaded guilty to a single-count Information, which charged him with conspiracy to violate 18 U.S.C. § 1957, that is, to knowingly engage and attempt to engage in monetary transactions by, through, or to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity (i.e. a violation of the Foreign Corrupt Practices Act, in violation of 15 U.S.C. § 78dd-3), in violation of 18 U.S.C. § 1956(h).  *See* Information; Plea Agreement ¶ 2. *See also* Consent to Forfeiture ¶ 1, *attached to* U.S.'s Unopp. Mot. for Preliminary Order of Forfeiture.

2.      In a written Plea Agreement, the Defendant agreed, among other provisions, to the

following:

11.    The defendant agrees to forfeit to the United States voluntarily and immediately all property, real or personal, involved in the violation of Title 18, United States Code, Section 1956(h) charged in the Information, property traceable to such property, and/or property that constitute substitute assets, pursuant to Title 18, United States Code, Section 982(a)(1) and Title 21, United States Code, Section 853(p). The defendant agrees that such property includes, but is not limited to, a sum equal in value to the total amount laundered to, by, and/or for the benefit of the defendant as part of the charged conspiracy, which the United States may seek as a forfeiture money judgment.   The defendant admits and agrees that the conduct described in the Information and Factual Proffer provides a sufficient factual and statutory basis for the forfeiture sought by the Government.

12.    The defendant agrees to waive any appeal of the forfeiture.   The defendant waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the Information, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant also waives any failure by the Court to advise the defendant of any applicable forfeiture at the time the guilty plea is accepted as required by Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure.   The defendant further agrees to waive any applicable time limits for the initiation of administrative or judicial forfeiture proceedings and/or further notification of any such forfeiture brought against the property sought for forfeiture.

13.    The defendant also agrees to assist the Government in all proceedings, administrative or judicial, involving forfeiture to the United States of any property, including substitute property, regardless of its nature or form, real or personal, which the defendant or others known to the defendant, have accumulated as a result of illegal activities.   The defendant agrees that the United States shall, at its option, be entitled to forfeiture of any property (substitute assets) of the defendant to satisfy the forfeiture money judgment.   The defendant agrees that all elements of Title 21, United States Code, Section 853(p) have been satisfied.   The defendant further agrees to take all steps necessary to locate property that could be used to satisfy the forfeiture money judgment and to pass title to the United States before the defendant's sentencing.   To that end, the defendant agrees to fully assist the Government in the recovery and return to the United States of any assets, or portions thereof, wherever located. The assistance shall include: identification of any property subject to forfeiture, agreement to the entry of an order enjoining the transfer or encumbrance of such property, and the transfer or repatriation of such property to the United States by delivery to the Government, upon the Government's request, any necessary and appropriate documentation, including consents to forfeiture and quit claim deeds, to deliver good and marketable title to such property.   The defendant understands that failure to transfer or repatriate property subject to forfeiture may result in an obstruction of justice enhancement at sentencing.

2

14.     The defendant further understands that forfeiture is independent of any assessments, fines, costs, restitution, or any other penalty that may be imposed by the Court.   The defendant knowingly and voluntarily waives any claim or defense he may have under the Eighth Amendment to the United States Constitution, including any claim of excessive fine or penalty with respect to the forfeited property.

15.     The defendant agrees to make full and accurate disclosure of his financial affairs to the Government, and expressly authorizes the Government to obtain a credit report.   The defendant agrees that within 10 calendar days of his change of plea and upon request of the Government, the defendant shall submit a completed Financial Disclosure Statement (form provided by the United States), and shall fully disclose and identify all assets in which he has any interest and/or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party.

*See* Plea Agreement ¶¶ 11-15.   *See also* Consent to Forfeiture ¶ 2.

3.     As set forth in the Factual Proffer submitted in support of his guilty plea, the Defendant was the Venezuelan National Treasurer from approximately 2007 to 2011.   *See* Factual Proffer ¶ 3.   By virtue of his official position as the Venezuelan National Treasurer, the Defendant had the ability to influence matters related to the bolivar to U.S. dollar exchange process, including deciding which brokerage houses received government authorization to conduct these exchanges at a fixed exchange rate established by the Venezuelan government.   *Id.* ¶ 6.   *See also* Consent to Forfeiture ¶ 3.

4.     From approximately 2007 through January 2011, the Defendant agreed to accept bribes from co-conspirators in exchange for selecting them to carry out the U.S. dollar to bolivar exchange process with the Venezuelan National Treasury, or Oficina Nacional del Tesoro ("ONT"), which allowed those co-conspirators to obtain substantial profits on the exchange transactions.   *See* Factual Proffer ¶ 7.   *See also* Consent to Forfeiture ¶ 4.

5.     From 2007 to the present, when the Defendant requested, at least three co-conspirators would transfer or cause the transfer of funds to purchase property and pay for his

3

expenses in the Southern District of Florida and elsewhere.  *See* Consent to Forfeiture ¶ 5.  *See also* Factual Proffer ¶¶ 10-12; Presentence Investigation Report, June 15, 2018, ¶ 60.  Together, these three co-conspirators told the Defendant that they held or are holding Venezuelan bonds and other assets valued at approximately $1 billion in U.S. currency during this time period for the Defendant's benefit.  *See* Consent to Forfeiture ¶ 5.

6.     The Defendant has consented and agreed to the entry of a **Forfeiture Money Judgment** in the amount of at least $1 billion, which is equal to the total value of the property, real or personal, laundered to, by, and/or for his benefit and involved in the money laundering conspiracy charged in the Information, and property traceable to such property.  *See* Consent to Forfeiture ¶ 7.

7.     In partial satisfaction of such **Forfeiture Money Judgment**, the Defendant has consented and agreed to the forfeiture of the following specific property, among other property, that he obtained, directly and indirectly, as a result of the charged money laundering conspiracy, or was used to purchase, improve, and/or maintain assets for the Defendant's benefit (collectively, the "**Subject Assets**"):

*Financial Accounts*
(1)     All assets on deposit in account number 0209551AA held in the name of, or for the benefit of, Alejandro Andrade at BSI Bank in Switzerland;

*Real Estate*
(2)     15231 Sunnyland Lane, Wellington, Florida 33414;
(3)     15680 and 15740 46th Lane S, Wellington, Florida 33414;
(4)     1290 N. Ocean Boulevard, Palm Beach, Florida 33480;
(5)     16912 Crown Bridge Drive, Del Ray Beach, Florida 33446;
(6)     15159 Sunnyland Lane, Wellington, Florida 33414;
(7)     12789 Meadowbreeze Drive, Wellington, Florida 33414;[1]

---

[1] Approximately $100,000 of the $250,000 purchase price for this property was funded by one of the Defendant's co-conspirators; however, the remaining portion was funded by the Defendant's wife and her family.  In recognition of the potential third-party claims to such property, the United States has agreed that if the Court grants the proposed preliminary forfeiture, the United States would file a notice of *lis pendens* and only pursue final forfeiture of its interest in the real property

*Vehicles*

(8)    2017 Mercedes Benz GLS 550, Vehicle Identification Number ("VIN") 4JGDF7DE8HA893079;

(9)    2017 Mercedes Benz AMG G-63;

(10)   2017 Cadillac Escalade, VIN 1GYS4KKJ4HR135174;

(11)   2016 Porsche Cayenne, VIN WP1AC2A26GLA86557;

(12)   2016 Chevy Tahoe;

(13)   2016 Mercedes Benz AMG S-63, VIN WDDXJ7JB3GA012139

(14)   2015 Bentley Continental Convertible, VIN SCBGJ3ZA2FC044777;

(15)   2015 Chevrolet Silverado 2500, VIN 1GC4KYC83FF180852;

(16)   2014 Dodge Ram 3500;

(17)   2013 Toyota 4 Runner, VIN JTEZU5JR4D5048434;

(18)   2009 Cimarron Horse Trailer, VIN 5PAHG34249C006294;

(19)   Lawnmower/tractor;

(20)   Three (3) golf carts;

*Horses*

(21)   Anastasia Du Park;

(22)   Bonjovi;

(23)   Boy IV;

(24)   Clouwni;

(25)   Cortina 186;

(26)   Dipssy;

(27)   Hardrock Z;

(28)   Jenni's Chance;

(29)   Joly Jumper;

(30)   Leonardo RGS;

(31)   Nokia de Brekka;

(32)   Quilina VD Laarseheide Z;

(33)   Reus de la Nutria;

(34)   Ricore Courcelle;

(35)   Tupac Van de Vrombautshoeve 2;

(36)   U;

(37)   Tinker Bell;

*Watches*

(38)   Rolex Daytona Cosmograph (platinum) watch, reference ("Ref") 116506, serial number ("SN") L900U410;

(39)   Rolex Yacht-Master II (white gold and platinum) watch, Ref 116689, SN V773093;

(40)   Rolex Sky-Dweller (yellow gold) watch, Ref 326938, SN 58W365Z2;

(41)   Hublot Big Bang King (rose gold and black dial) watch, Ref 322, SN 762177;

(42)   Hublot Big Bang King Black Magic (black titanium and ceramic) watch,

---

if that property is sold.

Ref 322, SN 737211;

(43)  Hublot Big Bang Chronography Tourbillon 20th Anniversary of Ferrari watch, Limited 4 of 20, Ref 308.QX.1110.HR.SCFII, SN 930027;

(44)  Hublot King Power (black titanium and ceramic) watch, Limited 8 of 35, SN 860397;

(45)  Hublot Big Bang UEFA (black titanium and ceramic) watch, Limited 1557 of 2008, Ref 318, SN 739956;

(46)  Hublot Big Bang Yankee Victor (stainless steel) watch, Limited 29 of 100, Ref 301, SN 689869;

(47)  Hublot King Power (titanium and zirconium, rubber band) watch, Limited 244 of 500, SN 823700;

(48)  Hublot King Power LaVinotinto Chronograph (black titanium and ceramic) watch, Limited 11 of 40, SN 977783;

(49)  Patek Philippe Nautilus (stainless steel) watch, Ref 5990 / 1A-001, Movement No 5998681, SN A384FBC;

(50)  Patek Philippe Nautilus Annual Calendar (stainless steel) watch, Ref 5726/ 1A-001, Movement No 5334786, SN A384FAP;

(51)  Patek Philippe Nautilus manual (rose gold and stainless steel) watch, Ref 5980 / 1AR-001, Movement No 5928544, SN A3841AP;

(52)  Audemars Piguet Royal Oak Offshore Chronograph (rose gold and black rubber band) watch, Ref 3850, SN G29840;

(53)  Audemars Piguet Royal Oak Offshore Safari Chronograph (stainless steel and brown band) watch, No 5446, Ref 26170, SN G43443;

(54)  Audemars Piguet Royal Oak Offshore Chronograph Bumble Bee (carbon) watch, No 2376, Ref 26176, SN 48097;

(55)  Audemars Piguet Royal Oak Offshore (stainless steel) watch, No 1836, Ref 26170, SN G17332;

(56)  Roger Dubuis Easy Diver Tourbidiver (stainless steel) watch, Movement No RD05, SN 13/88;

(57)  Roger Dubuis Much More (rose gold) watch, SN   23/28, stamped 750;

(58)  Panerai Luminor Monopulsante GMT Chronograph (titanium and ceramic) watch, Limited L005 of 500, No OP6752, Ref PAM00317, SN BB1458977;

(59)  Panerai Luminor Submersible Divers Professional (stainless steel) watch, Limited J459 of 700, No OP6701, SN BB1253185;

(60)  Panerai Luminor (stainless steel) watch, Limited K198 of 500, No OP6726, SN PB0596207;

(61)  IWC Pilot Spitfire Chronograph Perpetual Calendar (yellow gold) watch, No AU750, Ref IW379103, SN 5074132;

(62)  Jaeger Le Coultre Master Compressor Diving GMT watch, Ref 159.T.05, SN 2471271;

(63)  Jaeger Le Coultre Master Compressor Diving Chronograph (rose gold) watch, Ref 160.2.25, SN 2469332;

(64)  Jaeger Le Coultre Master Grande Tradition Minute Repeater manual (titanium) watch, Limited 65 of 100, Ref. 187.T.67.S, SN 2653359;

(65)  Frank Muller Casablanca (stainless steel) watch, No 1018, Ref 8885 C CC DT;

(66)   Frank Muller Mariner (stainless steel and red dial) watch, No 69, Ref 908 CC AT Mar;

(67)   Frank Muller Mariner Chronograph (stainless steel and blue dial) watch, No 29, Ref 8080 CC AT Mar;

(68)   Frank Vila Tourbillon Planetaire Skeleton SuperLigero Concept (titanium) watch, Limited 3 of 8, Ref FVA N6;

(69)   Frank Vila Chronograph (titanium) watch, Limited 3 of 48, Ref FVA10;

(70)   Greubel Forsey GMT Global Double Tourbillon (white gold) watch, Limited 28 of 33, Ref GF GMT WG, stamped AU750 02 669;

(71)   IWC Schaffhausen Big Pilot Antoine de Saint Exupery Edition (rose gold) watch, Limited 35 of 500, Ref IW500421, SN 3427442;

(72)   Rolex Daytona Cosmograph (yellow gold and blue dial) watch, Ref 116528, SN 52UM9527;

*JPMorgan Chase Bank N.A. (United States)*

(75)   Account number 000000941600959 held in the name of Doble A Records USA LLC at JPMorgan Chase Bank N.A.;

*Bank of America (United States)*

(76)   Account number 898060394243 held in the name of Telsey Properties Holding LLC at Bank of America;

(77)   Account number 898061778088 held in the name of Doble A Management LLC at Bank of America;

(78)   Account number 898061778091 held in the name of Doble A Farm, LLC at Bank of America;

(79)   Account number 898039362866 held in the name of Malabar Management LLC at Bank of America;

*Wells Fargo Bank (United States)*

(80)   Account number 5340241792 held in the name of Malabar Management, LLC at Wells Fargo Bank;

(81)   Account number 5536404915 held in the name of Telsey Properties Holding, LLC at Wells Fargo Bank; and

*EFG Bank (Switzerland)*

(82)   Account number CH4708468000114931 held in the name of Telsey Managers International Inc. at EFG Bank in Switzerland.

*See* Consent to Forfeiture ¶¶ 5-6, 8.

8.   Based on the Defendant's guilty plea, the Plea Agreement, the Factual Proffer, the Presentence Investigation Report, and the Consent to Forfeiture, the total value of the property, real or personal, laundered to, by, and/or for the Defendant's benefit and involved in the money

laundering conspiracy charged in the Information was at least $1 billion in U.S. currency. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, this sum may be sought as a forfeiture money judgment.

9.      In addition, because the Subject Assets were involved in the Defendant's conspiracy to commit money laundering charged in the Information, they are subject to forfeiture, pursuant to 18 U.S.C. § 982(a)(1).

**THEREFORE**, the United States' Unopposed Motion for Preliminary Order of Forfeiture is **GRANTED**, and it is hereby **ORDERED** that:

1.      Pursuant to 18 U.S.C. § 982(a)(1), 21 U.S.C. § 853, and Rule 32.2 of the Federal Rules of Criminal Procedure, a forfeiture money judgment in the amount of $1 billion in U.S. currency ($1,000,000,000.00) is hereby entered against Defendant Alejandro Andrade Cedeno.

2.      Pursuant to 18 U.S.C. § 982(a)(1), the following assets are hereby forfeited and vested in the United States of America in partial satisfaction of such forfeiture money judgment:

*Real Estate*
(1)     **15231 Sunnyland Lane, Wellington, Florida 33414**, including all buildings, fixtures, appurtances, improvements, attachments and easements found therein or thereon, and which is more fully described as:

Lot 19, Block 5, PALM BEACH POINT, according to the map or plat thereof as recorded in Plat Book 33, Page 133, Public Records of Palm Beach County, Florida; Parcel Identification Number: 73-41-44-19-01-005-0190;

(2)     **15680 and 15740 46th Lane S, Wellington, Florida 33414**, including all buildings, fixtures, appurtenances, improvements, attachments and easements found therein or thereon, and which are more fully described as:

A parcel of land lying in Section 30, township 44 South, Range 41, Palm Beach county, Florida being described as follows: ELY 311.76 FT OF WLY1858.58 FT LYG S & ADJ TO PALM BEACH POINT AS IN PB33P133 & N& ADJ TO C-27 R/W A/K/A TR 5, Public Records of Palm Beach County, Florida; Parcel Identification Number: 73-41-44-30-00-000-7010; and

A parcel of land lying in Section 30, township 44 South, Range 41, Palm Beach

county, Florida being described as follows: WLY 311.76 FT OF ELY4101.38 FT OF TH PT OF SEC LYG N OF & ADJ TO C-27 CNL R/W & SOF & PARALLEL TO LTS 12 & 13, Public Records of Palm Beach County, Florida;
Parcel Identification Number: 73-41-44-30-00-000-7050;

(3) **1290 N. Ocean Boulevard, Palm Beach, Florida 33480**, including all buildings, fixtures, appurtenances, improvements, attachments and easements found therein or thereon, and which is more fully described as:

The North 33.89 feet to Lot 25-A and ALL of Lot 26-A of BELLO LIDO, according to the Plat thereof, as recorded in Plat Book 11, at Page 37, of the Public Records of Palm Beach County, Florida; and Lot 4 of Re-Plat of BELLO LIDO, according to the Plat thereof, as recorded in Plat Book 24, at Page 171, of the Public Records of Palm Beach County, Florida;
Parcel Identification Number: 50-43-43-03-06-000-0251;

(4) **16912 Crown Bridge Drive, Del Ray Beach, Florida 33446**, including all buildings, fixtures, appurtenances, improvements, attachments and easements found therein or thereon, and which is more fully described as:

Lot 159, Bridges - Plat Four, according to the map of plat thereof as recorded in Plat 115 page 56, public records of Palm Beach County, Florida;
Parcel Identification Number: 00-42-46-29-10-000-1590;

(5) **15159 Sunnyland Lane, Wellington, Florida 33414**, including all buildings, fixtures, appurtenances, improvements, attachments and easements found therein or thereon, and which is more fully described as:

Lots 20 & 21, Block 5, PALM BEACH POINT, according to the map or plat thereof as recorded in Plat Book 33, Page 133, Public Records of Palm Beach County, Florida;
Parcel Identification Number: 73-41-44-19-01-005-0200;

(6) **12789 Meadowbreeze Drive, Wellington, Florida 33414**, including all buildings, fixtures, appurtenances, improvements, attachments and easements found therein or thereon, and which is more fully described as:

Lot 150, MEADOWLAND COVE – PLAT NO. 1 OF WELLINGTON – P.U.D., according to the Plat thereof, on file in the Office of the Clerk of the Circuit court in and for Palm Beach County, Florida, as recorded in Plat Book 58, Page 9;
Parcel Identification Number: 73-41-44-09-04-000-1500;

*Vehicles*
(7) 2017 Mercedes Benz GLS 550, Vehicle Identification Number ("VIN") 4JGDF7DE8HA893079;
(8) 2017 Mercedes Benz AMG G-63;

9

(9)     2017 Cadillac Escalade, VIN 1GYS4KKJ4HR135174;
(10)    2016 Porsche Cayenne, VIN WP1AC2A26GLA86557;
(11)    2016 Chevy Tahoe;
(12)    2016 Mercedes Benz AMG S-63, VIN WDDXJ7JB3GA012139
(13)    2015 Bentley Continental Convertible, VIN SCBGJ3ZA2FC044777;
(14)    2015 Chevrolet Silverado 2500, VIN 1GC4KYC83FF180852;
(15)    2014 Dodge Ram 3500;
(16)    2013 Toyota 4 Runner, VIN JTEZU5JR4D5048434;
(17)    2009 Cimarron Horse Trailer, VIN 5PAHG34249C006294;
(18)    Lawnmower/tractor;
(19)    Three (3) golf carts;

*Horses*
(20)    Anastasia Du Park;
(21)    Bonjovi;
(22)    Boy IV;
(23)    Clouwni;
(24)    Cortina 186;
(25)    Dipssy;
(26)    Hardrock Z;
(27)    Jenni's Chance;
(28)    Joly Jumper;
(29)    Leonardo RGS;
(30)    Nokia de Brekka;
(31)    Quilina VD Laarseheide Z;
(32)    Reus de la Nutria;
(33)    Ricore Courcelle;
(34)    Tupac Van de Vrombautshoeve 2;
(35)    U;
(36)    Tinker Bell;

*Watches*
(37)    Rolex Daytona Cosmograph (platinum) watch, reference ("Ref") 116506, serial number ("SN") L900U410;
(38)    Rolex Yacht-Master II (white gold and platinum) watch, Ref 116689, SN V773093;
(39)    Rolex Sky-Dweller (yellow gold) watch, Ref 326938, SN 58W365Z2;
(40)    Hublot Big Bang King (rose gold and black dial) watch, Ref 322, SN 762177;
(41)    Hublot Big Bang King Black Magic (black titanium and ceramic) watch, Ref 322, SN 737211;
(42)    Hublot Big Bang Chronography Tourbillon 20th Anniversary of Ferrari watch, Limited 4 of 20, Ref 308.QX.1110.HR.SCFII, SN 930027;
(43)    Hublot King Power (black titanium and ceramic) watch, Limited 8 of 35, SN 860397;
(44)    Hublot Big Bang UEFA (black titanium and ceramic) watch, Limited 1557

of 2008, Ref 318, SN 739956;

(45)   Hublot Big Bang Yankee Victor (stainless steel) watch, Limited 29 of 100, Ref 301, SN 689869;

(46)   Hublot King Power (titanium and zirconium, rubber band) watch, Limited 244 of 500, SN 823700;

(47)   Hublot King Power LaVinotinto Chronograph (black titanium and ceramic) watch, Limited 11 of 40, SN 977783;

(48)   Patek Philippe Nautilus (stainless steel) watch, Ref 5990 / 1A-001, Movement No 5998681, SN A384FBC;

(49)   Patek Philippe Nautilus Annual Calendar (stainless steel) watch, Ref 5726/ 1A-001, Movement No 5334786, SN A384FAP;

(50)   Patek Philippe Nautilus manual (rose gold and stainless steel) watch, Ref 5980 / 1AR-001, Movement No 5928544, SN A3841AP;

(51)   Audemars Piguet Royal Oak Offshore Chronograph (rose gold and black rubber band) watch, Ref 3850, SN G29840;

(52)   Audemars Piguet Royal Oak Offshore Safari Chronograph (stainless steel and brown band) watch, No 5446, Ref 26170, SN G43443;

(53)   Audemars Piguet Royal Oak Offshore Chronograph Bumble Bee (carbon) watch, No 2376, Ref 26176, SN 48097;

(54)   Audemars Piguet Royal Oak Offshore (stainless steel) watch, No 1836, Ref 26170, SN G17332;

(55)   Roger Dubuis Easy Diver Tourbidiver (stainless steel) watch, Movement No RD05, SN 13/88;

(56)   Roger Dubuis Much More (rose gold) watch, SN   23/28, stamped 750;

(57)   Panerai Luminor Monopulsante GMT Chronograph (titanium and ceramic) watch, Limited L005 of 500, No OP6752, Ref PAM00317, SN BB1458977;

(58)   Panerai Luminor Submersible Divers Professional (stainless steel) watch, Limited J459 of 700, No OP6701, SN BB1253185;

(59)   Panerai Luminor (stainless steel) watch, Limited K198 of 500, No OP6726, SN PB0596207;

(60)   IWC Pilot Spitfire Chronograph Perpetual Calendar (yellow gold) watch, No AU750, Ref IW379103, SN 5074132;

(61)   Jaeger Le Coultre Master Compressor Diving GMT watch, Ref 159.T.05, SN 2471271;

(62)   Jaeger Le Coultre Master Compressor Diving Chronograph (rose gold) watch, Ref 160.2.25, SN 2469332;

(63)   Jaeger Le Coultre Master Grande Tradition Minute Repeater manual (titanium) watch, Limited 65 of 100, Ref. 187.T.67.S, SN 2653359;

(64)   Frank Muller Casablanca (stainless steel) watch, No 1018, Ref 8885 C CC DT;

(65)   Frank Muller Mariner (stainless steel and red dial) watch, No 69, Ref 908 CC AT Mar;

(66)   Frank Muller Mariner Chronograph (stainless steel and blue dial) watch, No 29, Ref 8080 CC AT Mar;

(67)   Frank Vila Tourbillon Planetaire Skeleton SuperLigero Concept (titanium) watch, Limited 3 of 8, Ref FVA N6;

(68)    Frank Vila Chronograph (titanium) watch, Limited 3 of 48, Ref FVA10;
(69)    Greubel Forsey GMT Global Double Tourbillon (white gold) watch, Limited 28 of 33, Ref GF GMT WG, stamped AU750 02 669;
(70)    IWC Schaffhausen Big Pilot Antoine de Saint Exupery Edition (rose gold) watch, Limited 35 of 500, Ref IW500421, SN 3427442;
(71)    Rolex Daytona Cosmograph (yellow gold and blue dial) watch, Ref 116528, SN 52UM9527;

*Financial Accounts*
(72)    All assets on deposit in account number 0209551AA held in the name of, or for the benefit of, Alejandro Andrade at BSI Bank in Switzerland;
(73)    All assets on deposit in account number 000000941600959 held in the name of Doble A Records USA LLC at JPMorgan Chase Bank N.A.;
(74)    All assets on deposit in account number 898060394243 held in the name of Telsey Properties Holding LLC at Bank of America;
(75)    All assets on deposit in account number 898061778088 held in the name of Doble A Management LLC at Bank of America;
(76)    All assets on deposit in account number 898061778091 held in the name of Doble A Farm, LLC at Bank of America;
(77)    All assets on deposit in account number 898039362866 held in the name of Malabar Management LLC at Bank of America;
(78)    All assets on deposit in account number 5340241792 held in the name of Malabar Management, LLC at Wells Fargo Bank;
(79)    All assets on deposit in account number 5536404915 held in the name of Telsey Properties Holding, LLC at Wells Fargo Bank; and
(80)    All assets on deposit in account number CH47084680000114931 held in the name of Telsey Managers International Inc. at EFG Bank in Switzerland.

3.      An agent of Homeland Security Investigations, or any duly authorized law enforcement agency, may seize, take possession, and dispose of the forfeited property according to law.

4.      The United States shall send and publish notice of the forfeiture in accordance with Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(n).

5.      The United States is authorized, pursuant to Rule 32.2(b)(3), (c)(1) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m), to conduct any discovery necessary, including depositions, to identify, locate or dispose of the forfeited property or in order to expedite ancillary proceedings related to any third-party petition.

6.     Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order is final as to Defendant Alejandro Andrade Cedeno.

7.     The Court shall retain jurisdiction in this matter for the purpose of enforcing this Order.

**DONE AND ORDERED** in ~~Miami~~ West Palm Beach, Florida, this _5th_ day of November, 2018.

HON. ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

cc:     Nalina Sombuntham, Assistant U.S. Attorney (2 certified copies)