UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:17-CR-80242-RLR

UNITED STATES OF AMERICA

    v.

ALEJANDRO ANDRADE CEDENO,

    Defendant.
_____/

### **DEFENDANT'S SENTENCING MEMORANDUM**

Defendant Alejandro Andrade Cedeno submits this Sentencing Memorandum to provide the Court with information needed to fashion a sentence in this unique case that is "sufficient but not greater than necessary" to achieve the statutory purposes of punishment set forth in 18 U.S.C. § 3553(a).

### THE PRE-SENTENCE INVESTIGATION REPORT

Mr. Andrade has filed no objections to the Pre-Sentence Investigation Report (PSI) or its calculation of an advisory guideline. That is because his guideline sentence is 120 months pursuant to USSG § 5G1.1(a), which sets the guidelines sentence at the statutory maximum for the offense of conviction when the applicable guideline range would exceed the statutory maximum. PSI ¶ 64.

### **REQUEST FOR DOWNWARD VARIANCE – ACCEPTANCE OF RESPONSIBILITY**

Mr. Andrade has fully and sincerely accepted responsibility for the offense conduct and has cooperated with the United States from day one. The Government has agreed that he is entitled to a 3-level reduction of his otherwise applicable sentencing guidelines ranges pursuant to USSG § 3E1.1. Plea Agreement at ¶ 7. However, because Mr. Andrade's guidelines range is above the statutory maximum sentence (120 months) for the offense to which he has pled guilty, he receives no reduction to his actual sentence under the Guidelines for his acceptance of responsibility.

Under these circumstances, the Court may grant a downward variance by applying the three-level adjustment from the baseline of the statutory maximum (rather than from the offense level as calculated under the Guidelines). *See United States v. Rodriguez*, 64 F.3d 638, 643 (11th Cir. 1995) ("We hold, therefore, that a district court has the discretion to reward a defendant's acceptance of responsibility by departing downward when § 5G1.1(a) renders § 3E1.1 ineffectual in reducing the defendant's actual sentence.").

A Guidelines range of 120 months falls roughly at the low end of an Offense Level of 32 (121—151 months). If the Court were to apply the equivalent of a 3-level reduction for acceptance of responsibility, Mr. Andrade would end up at an Offense Level of 29, which carries a range of <u>87—108 months</u>.

Respectfully submitted,

COLSON HICKS EIDSON, P.A.
255 Alhambra Circle, Penthouse
Coral Gables, Florida 33134
Tel: (305) 476-7400


By: __s/ *Curtis Miner*_____
     Roberto Martinez
     Fla Bar No. 305596
     bob@colson.com
     Curtis Miner
     Fla Bar No. 885681
     curt@colson.com

LAW OFFICE OF STEPHEN
JAMES BINHAK, PLLC
Stephen Binhak
binhaks@binhaklaw.com
1221 Brickell Ave., Suite 2010
Miami, Florida 33131
Tel: (305) 361-5500

## CERTIFICATE OF ELECTRONIC FILING AND SERVICE

I HEREBY CERTIFY that, on November 23, 2018, I filed a true and correct copy of the foregoing document with the Clerk of the Court using the CM/ECF system, which will cause a Notice of Electronic Filing to be delivered by e-mail to all counsel of record.

*s/ Curtis B. Miner*
Curtis B. Miner