UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-80242-CR-ROSENBERG/HUNT

UNITED STATES OF AMERICA

v.

ALEJANDRO ANDRADE CEDENO,

Defendant.
_____/

## SECOND PRELIMINARY ORDER OF FORFEITURE

THIS MATTER is before the Court upon motion of the United States of America (the "United States") for entry of a Second Preliminary Order of Forfeiture ("Motion") against Defendant Alejandro Andrade Cedeno (the "Defendant"), seeking the forfeiture of funds from the Defendant's unused cost retainers held by former counsel Colson Hicks Eidson, P.A. and the Law Office of Stephen James Binhak, which are approximately $184,690.97 and approximately $19,107.55, respectively. The Court has considered the Motion, is otherwise advised in the premises, and finds as follows:

On December 22, 2017, Defendant Alejandro Andrade Cedeno (the "Defendant") pleaded guilty to a single-count Information, which charged him with conspiracy to violate 18 U.S.C. § 1957, that is, to knowingly engage and attempt to engage in monetary transactions by, through, or to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity (i.e. a violation of the Foreign Corrupt Practices Act, in violation of 15 U.S.C. § 78dd-3), in violation of 18 U.S.C. § 1956(h). *See* Information, ECF No. 3; Plea Agreement ¶ 2, ECF No. 9.

In a written Plea Agreement, the Defendant agreed, among other provisions, to the forfeiture of "property that constitute substitute assets," pursuant to 21 U.S.C. § 853(p). *See* Plea Agreement ¶ 11. He also agreed:

> **. . . that the United States shall, at its option, be entitled to forfeiture of any property (substitute assets) of the defendant to satisfy the forfeiture money judgment. The defendant agrees that all elements of Title 21, United States Code, Section 853(p) have been satisfied. The defendant further agrees to take all steps necessary to locate property that could be used to satisfy the forfeiture money judgment and to pass title to the United States before the defendant's sentencing. To that end, the defendant agrees to fully assist the Government in the recovery and return to the United States of any assets, or portions thereof, wherever located.** The assistance shall include: identification of any property subject to forfeiture, agreement to the entry of an order enjoining the transfer or encumbrance of such property, and the transfer or repatriation of such property to the United States by delivery to the Government, upon the Government's request, any necessary and appropriate documentation, including consents to forfeiture and quit claim deeds, to deliver good and marketable title to such property. The defendant understands that failure to transfer or repatriate property subject to forfeiture may result in an obstruction of justice enhancement at sentencing.

*See id.* ¶ 13 (bold emphasis added); *see generally id.* ¶¶ 11-15.

On November 5, 2018, the Court entered a Preliminary Order of Forfeiture, which imposed a forfeiture money judgment in the amount of $1 billion in U.S. currency against the Defendant. *See* Preliminary Order of Forfeiture, ECF No. 30.

On August 2, 2019, the Court entered a Final Order of Forfeiture, which finally forfeited to the United States real estate, vehicles, horses, watches, and financial accounts, in partial satisfaction of the Defendant's forfeiture money judgment. *See* Final Order of Forfeiture, ECF No. 81. After disposition, the net equity of these finally forfeited assets totaled approximately $30,499,470.57 in U.S. currency. *See* SA Parker Decl. ¶ 6.

In addition, approximately $250,000,000.00 in U.S. currency was turned over as a payment toward the balance of the Defendant's forfeiture money judgment. *See id.* ¶ 7.

2

To date, the Government has collected a total of approximately $280,499,470.57, leaving a remaining obligation of approximately $719,500,529.43 on the Defendant's forfeiture money judgment.

If any directly forfeitable property is not available, the Court may order the forfeiture of substitute assets to satisfy a money judgment. *See* 21 U.S.C. § 853(p); Fed. R. Crim. P. 32.2(e); *United States v. Fleet*, 498 F.3d 1225, 1227-31 (11th Cir. 2007) (any property of the defendant may be forfeited as a substitute asset); *United States v. Knowles*, No. 19-14309, 2020 WL 3583413, at *1 (11th Cir. July 2, 2020) ("We've held that the word 'any' in § 853(p) is a broad word that 'does not mean some or all but a few, but instead means all . . . .'") (citing *Fleet*, 498 F.3d at 1229). Substitute assets are available for forfeiture upon a showing that, due to any act or omission of a defendant, any directly forfeitable property:

(A) cannot be located upon the exercise of due diligence;
(B) has been transferred or sold to, or deposited with, a third party;
(C) has been placed beyond the jurisdiction of the court;
(D) has been substantially diminished in value; or
(E) has been commingled with other property which cannot be divided without difficulty.

21 U.S.C. § 853(p) (made applicable here pursuant to 18 U.S.C. § 982(b)(1)). The Government may establish such unavailability through an agent's declaration. *See United States v. Seher*, 562 F.3d 1344, 1373 (11th Cir. 2009).

The United States has not been able to recover all of the directly forfeitable property. As a result of the Defendant's acts or omissions, directly forfeitable property other than the assets already forfeited cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty.

In or around December 2021, the United States learned that the Defendant terminated Colson Hicks Eidson, P.A. and the Law Office of Stephen Binhak as his counsel. At the conclusion of their representation, the law firms advised the Defendant that approximately $184,690.97 remained in his cost retainer at Colson Hicks Eidson, P.A., and approximately $19,107.55 remained at his cost retainer at the Law Office of Stephen Binhak.

These funds remain in the custody of the law firms, pending their return to the Defendant or their forfeiture in the above-captioned criminal case.

Thus, pursuant to 21 U.S.C. § 853(p), the United States is authorized to forfeit substitute property, and the remaining balance of the Defendant's unused cost retainers at Colson Hicks Eidson, P.A. and the Law Office of Stephen James Binhak should be forfeited to satisfy, in part, his forfeiture money judgment.

Accordingly, based on the foregoing, the evidence in the record, and for good cause showing, the Motion is **GRANTED**, and it is hereby **ORDERED** that:

1. Pursuant to 21 U.S.C. § 853 (p), the following specific property is hereby forfeited and vested in the United States of America:

    (i) The unused cost retainer of Alejandro Andrade Cedeno at Colson Hicks Eidson, P.A., which consists of approximately $184,690.97; and

    (ii) The unused cost retainer of Alejandro Andrade Cedeno at the Law Office of Stephen Binhak, which consists of approximately $19,107.55.

2. Colson Hicks Eidson, P.A. and the Law Office of Stephen Binhak are directed to turn over the forfeited property to the United States.

3. Any duly authorized law enforcement agency may seize and take possession of the forfeited property according to law.

4. The United States shall send and publish notice of the forfeiture in accordance with Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(n).

5. The United States is authorized to conduct any discovery that might be necessary to identify, locate, or dispose of forfeited property, and to resolve any third-party petition, pursuant to Rule 32.2(b)(3), (c)(1)(B) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m).

6. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order is final as to the Defendant.

7. The Court shall retain jurisdiction in this matter for the purpose of enforcing this Order, and pursuant to Rule 32.2(e)(1) of the Federal Rules of Criminal Procedure, shall amend this Order, or enter other orders as necessary, to forfeit additional specific property when identified.

It is further **ORDERED** that upon adjudication of all third-party interests, if any, the Court will enter a final order of forfeiture as to the property in which all interests will be addressed. Upon notice from the United States that no claims have been filed within 60 days of the first day of publication or within 30 days of receipt of notice, whichever is earlier, then, pursuant to Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(n)(7), this Order shall become a Final Order of Forfeiture and any duly authorized law enforcement agency shall dispose of the property in accordance with applicable law.

**DONE AND ORDERED** in West Palm Beach, Florida, this 5th day of April, 2022.

HON. ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

5