UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-80242-CR-ROSENBERG/HUNT

UNITED STATES OF AMERICA

v.

ALEJANDRO ANDRADE CEDENO,

      Defendant.

_____/

## UNITED STATES' UNOPPOSED MOTION FOR
## THIRD PRELIMINARY ORDER OF FORFEITURE

Pursuant to 21 U.S.C. § 853(p) and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States of America, by and through the undersigned Assistant United States Attorneys, hereby moves for the entry of a third Preliminary Order of Forfeiture against Defendant Alejandro Andrade Cedeno (the "Defendant") in the above-captioned matter.   The United States seeks to forfeit, as substitute property, the following assets: approximately $42,131.37 from Grossman Young & Hammond, LLC, and approximately $89,952.15 from Stephen E. Kaufman, P.C., all of which currently is being held by the United States.   These funds represent the unused cost retainers due to the Defendant as a result of his termination of the aforementioned counsel. In support of this motion, the United States provides the following factual and legal bases.

## I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On December 22, 2017, Defendant Alejandro Andrade Cedeno (the "Defendant") pleaded guilty to a single-count Information, which charged him with conspiracy to violate 18 U.S.C. § 1957, that is, to knowingly engage and attempt to engage in monetary transactions by, through, or to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity (i.e. a violation of the Foreign Corrupt Practices Act, in violation of 15 U.S.C.

§ 78dd-3), in violation of 18 U.S.C. § 1956(h).   *See* Information, ECF No. 3; Plea Agreement ¶ 2, ECF No. 9.

In a written Plea Agreement, the Defendant agreed, among other provisions, to the forfeiture of "property that constitute substitute assets," pursuant to 21 U.S.C. § 853(p).   *See* Plea Agreement ¶ 11.   He also agreed:

> . . . **that the United States shall, at its option, be entitled to forfeiture of any property (substitute assets) of the defendant to satisfy the forfeiture money judgment.   The defendant agrees that all elements of Title 21, United States Code, Section 853(p) have been satisfied.   The defendant further agrees to take all steps necessary to locate property that could be used to satisfy the forfeiture money judgment and to pass title to the United States before the defendant's sentencing.   To that end, the defendant agrees to fully assist the Government in the recovery and return to the United States of any assets, or portions thereof, wherever located.** The assistance shall include: identification of any property subject to forfeiture, agreement to the entry of an order enjoining the transfer or encumbrance of such property, and the transfer or repatriation of such property to the United States by delivery to the Government, upon the Government's request, any necessary and appropriate documentation, including consents to forfeiture and quit claim deeds, to deliver good and marketable title to such property.   The defendant understands that failure to transfer or repatriate property subject to forfeiture may result in an obstruction of justice enhancement at sentencing.

*See id.* ¶ 13 (bold emphasis added); *see generally id.* ¶¶ 11-15.

On November 5, 2018, the Court entered a Preliminary Order of Forfeiture, which imposed a forfeiture money judgment in the amount of $1 billion in U.S. currency against the Defendant. *See* Preliminary Order of Forfeiture, ECF No. 30.

On August 2, 2019, the Court entered a Final Order of Forfeiture, which finally forfeited to the United States real estate, vehicles, horses, watches, and financial accounts, in partial satisfaction of the Defendant's forfeiture money judgment.   *See* Final Order of Forfeiture, ECF No. 81.

On April 5, 2022, the Court entered a Second Preliminary Order of Forfeiture, forfeiting the unused cost retainer of Defendant at Colson Hicks Eidson, P.A., which consisted of

approximately $184,690.97, and the unused cost retainer of Defendant at the Law Office of Stephen Binhak, which consisted of approximately $19,107.55. *See* Second Preliminary Order of Forfeiture, ECF No. 109. The Court further ordered that "pursuant to 21 U.S.C. § 853(p), the United States is authorized to forfeit substitute property …." *Id.* at 4.

## II.    MEMORANDUM OF LAW

If directly forfeitable property is not available, the Court may order the forfeiture of substitute assets to satisfy a money judgment. *See* 21 U.S.C. § 853(p); Fed. R. Crim. P. 32.2(e); *United States v. Duboc*, 694 F.3d 1223, 1226 (11th Cir. 2012) ("Section 853(p) provides that where the government proves that it was entitled to forfeiture, but the specific property is no longer available, the district court shall order the forfeiture of substitute assets."); *United States v. Fleet*, 498 F.3d 1225, 1231 (11th Cir. 2007) (any property of the defendant may be forfeited as a substitute asset); *United States v. Knowles*, No. 19-14309, 2020 WL 3583413, at *1 (11th Cir. July 2, 2020) ("We've held that the word "any" in § 853(p) is a broad word that "does not mean some or all but a few, but instead means all . . . .") (citing *Fleet*, 498 F.3d at 1229).

In the Preliminary Order of Forfeiture, the Court found that the total value of the property involved in the Defendant's offense of conviction, that is, conspiracy to commit money laundering, was $1 billion in U.S. currency. *See* Preliminary Order of Forfeiture, ECF No. 30. A forfeiture money judgment for that sum was imposed on the Defendant. *See id.* In the Second Preliminary Order of Forfeiture, the Court found that the Government has met its burden under § 853(p) and authorized the Government to forfeit substitute property. *See* Second Preliminary Order of Forfeiture 4, ECF No. 109. To date (and including the assets forfeited in the Second Preliminary Order of Forfeiture), the Government has collected a total of approximately $280,703,269.09, leaving a remaining obligation of approximately $719,296,730.91 on the Defendant's forfeiture money judgment. *See id.* at 3-4.

In or around March 2022, Ms. Sandra Grossman, Esq., advised the Government that her firm no longer represented the Defendant, and in or around April 2022, Grossman Young & Hammond, LLC sent a check for the Defendant's unused cost retainer in the amount of approximately $42,131.37 to the Government, to be held by the Government pending an order of forfeiture.  *See* e-mail correspondence (on file with undersigned counsel).  Also in or around March 2022, the Government confirmed that Defendant terminated Stephen E. Kaufman, P.C. as counsel.  In or around April 2022, Stephen E. Kaufman, P.C. sent a check for the Defendant's unused cost retainer in the amount of approximately $89,952.15 to the Government, to be held by the Government pending an order of forfeiture.  *See* e-mail correspondence (on file with undersigned counsel).

Thus, pursuant to 21 U.S.C. § 853(p), the remaining balance of the Defendant's unused cost retainers from Grossman Young & Hammond, LLC and Stephen E. Kaufman, P.C. should be forfeited as substitute property to satisfy, in part, his forfeiture money judgment.

WHEREFORE, pursuant to 21 U.S.C. § 853(p) and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States respectfully requests the entry of the attached order.

## **LOCAL RULE 88.9 CERTIFICATION**

Pursuant to Local Rule 88.9, we hereby certify that on April 1 and April 8, 2022, the undersigned counsel, via e-mail, reached out to Diaz, Reus & Targ, LLP, the Defendant's new counsel, concerning the Defendant's position on the proposed forfeiture.  On or about April 1, 2022, Diaz, Reus & Targ, LLP, wrote in an e-mail that the Defendant does not object to forfeiture of the funds from Grossman Young & Hammond, LLC, and on or about April 8, 2022, Diaz, Reus & Targ, LLP, wrote in an e-mail that the Defendant does not object to forfeiture of the funds from Stephen E. Kaufman, P.C.

Respectfully submitted,

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

By:    */s/ Nalina Sombuntham and Joshua Paster*
        Joshua Paster, Court ID No. A5502616
        Nalina Sombuntham, Fla. Bar No. 96139
        Assistant United States Attorneys
        99 N.E. 4th Street, 7th Floor
        Miami, Florida 33132-2111
        Telephone: (305) 961-9224 / (305) 961-9342
        Facsimile: (305) 536-4089
        joshua.paster@usdoj.gov
        nalina.sombuntham@usdoj.gov
        *Counsel for United States of America*