UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-CR-80242-RLR

UNITED STATES OF AMERICA

v.

ALEJANDRO ANDRADE CEDENO,

Defendant.

## FINAL ORDER OF FORFEITURE

THIS MATTER is before the Court upon motion of the United States of America (the "United States") for entry of a Final Order of Forfeiture ("Motion"). The Court has considered the Motion, is otherwise advised in the premises, and finds as follows:

1. On April 5, 2022, pursuant to 21 U.S.C. § 853(p), the Court entered a Second Preliminary Order of Forfeiture, ECF No. 109, in the above-captioned case against Defendant Alejandro Andrade Cedeno (the "Defendant") forfeiting, subject to third-party interests, the following property, among other assets, to the United States:

    (i)  approximately $184,690.97 remaining in Defendant's retainer at Colson Hicks Eidson, P.A.; and

    (ii) approximately $19,107.55 remaining in Defendant's retainer at the Law Office of Stephen Binhak.

2. On April 21, 2022, pursuant to 21 U.S.C. § 853(p), the Court entered a Third Preliminary Order of Forfeiture, ECF No. 112, forfeiting, subject to third-party interests, the following property, among other assets, to the United States:

    (i)  approximately $42,131.37 remaining in Defendant's retainer at Grossman Young & Hammond, LLC; and

        (ii)    approximately $89,952.15 remaining in Defendant's retainer at Stephen E. Kaufman, P.C.

(collectively, the "Property").

3. Notice of the criminal forfeiture was posted on an official government internet site (www.forfeiture.gov) for a period of 30 days, from April 9, 2022, until May 8, 2022, and from April 28, 2022, until May 27, 2022. *See* Decl. of Publication, ECF Nos. 116 and 117; 21 U.S.C. § 853(n)(1); Fed. R. Crim. P. 32.2(b)(6).

4. Direct notice was sent to any person who reasonably appeared to be a potential claimant with standing to contest the forfeiture of the Property, or such person was on actual notice of the forfeiture. *See* Fed. R. Crim. P. 32.2(b)(6); *accord* 21 U.S.C. § 853(n)(1).

5. The notice described the Property and advised that any person, other than the Defendant, asserting a legal interest in the Property may petition the Court for a hearing to adjudicate the validity of that person's alleged interest, within 60 days of the first day of publication or within 30 days of receipt of notice, whichever is earlier. Fed. R. Crim. P. 32.2(b)(6); 21 U.S.C. § 853(n)(2).

6. The time period for filing a petition claiming an interest in the Property has expired, and no petition or claim has been filed.

7. Pursuant to 21 U.S.C. § 853(n)(7), once all third-party petitions have been disposed of and/or if no timely petitions have been filed, "the United States shall have clear title to property that is the subject of the order of forfeiture and may warrant good title to any subsequent purchaser or transferee." *Accord* Fed. R. Crim. P. 32.2(c)(2).

8. Therefore, the United States is entitled to have clear title to the Property.

Accordingly, based on the foregoing, the evidence of record, and for good cause shown, the Motion is **GRANTED**, and it is hereby **ORDERED** that:

1. Pursuant to 21 U.S.C. § 853(p), 21 U.S.C. § 853, and Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure, all right, title, and interest in the following property is hereby finally forfeited to and vested in the United States of America:

    i. approximately $184,690.97 remaining in Defendant's retainer at Colson Hicks Eidson, P.A.;

    ii. approximately $19,107.55 remained in Defendant's retainer at the Law Office of Stephen Binhak.

    iii. approximately $42,131.37 remaining in Defendant's retainer at Grossman Young & Hammond, LLC; and

    iv. approximately $89,952.15 remaining in Defendant's retainer at Stephen E. Kaufman, P.C.

2. Any duly authorized law enforcement official may seize and take immediate possession of the property, exercising any and all incidents of ownership with respect thereto.

It is further **ORDERED** that the property shall be disposed of in accordance with law, and that the Court shall retain jurisdiction in this case for the purpose of enforcing this Order.

**DONE AND ORDERED** in West Palm Beach, Florida, this 1st day of July 2022.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

3